(C.D. 3595)

New York Merchandise Co., Inc. *v.* United States

United States Customs Court, First Division

(Decided October 28, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WATSON, Judge: This suit has been submitted for decision upon the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protest enumerated in the annexed Schedule which is incorporated herein:

1. That the merchandise represented by the items marked "A" and initialed TDS by Thurman D. Sherry on the invoices accompanying the entry covered by the protest enumerated in the attached Schedule, assessed with duty at 20% ad valorem under Item 706.60 of the Tariff Schedules of the United States, consists of containers of usual types ordinarily sold at retail with their contents, to-wit, the croquet sets, which were imported therewith.

2. That said protest is abandoned as to all other merchandise.

3. That the merchandise covered by the entry enumerated in the Schedule of Cases annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, Public Law 89–241.

4. That said protest was filed on the entry enumerated in said Schedule, under Sec. 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protest was pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of the entry enumerated in the annexed Schedule and for classification of said merchandise in accordance with Sec. 4 of said Public Law 89–241 at 8% ad valorem under Item 734.60 of the Tariff Schedules of the United States.

6. That the protest enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Upon the agreed facts, we hold the merchandise represented by the items marked "A" and initialed TDS by Thurman D. Sherry, on the invoice accompanying the entry covered by the protest herein, properly dutiable in accordance with section 4, Tariff Schedules Technical Amendments Act of 1965, at the rate of 8 per centum ad valorem under item 734.60 of the Tariff Schedules of the United States, as croquet equipment and parts thereof, as claimed.

To the extent indicated, the protest is sustained. In all other respects and as to all other claims, the protest is overruled.

Judgment will issue accordingly.